that there is a genuine issue for trial." We conclude that FCC has met this requirement.

The BLM biologist who helped to prepare the BLM's environmental assessment of Rosboro's right-of-way application declared that the proposed timber harvest is reasonably certain to injure the Swartz Creek owl pair by significantly impairing their essential behavioral patterns, including breeding, feeding, and sheltering. Viewing FCC's evidence in the light most favorable to them, the non-moving party, *Jesinger*, 24 F.3d at 1130, we conclude that the evidence, if proved, would demonstrate the reasonable certainty of harm.

FCC has also established the imminence of the harm: Rosboro has applied for a permit to clearcut the forest, and has finished building a road to provide access to the harvest site. It is undisputed that Rosboro plans to clearcut the timber as soon as possible.

However, because disputed facts remain as to whether the harvest is reasonably certain to impair the Swartz Creek owl pair's essential behavioral patterns, we remand for an appropriate finding. Accordingly, it was improper for the district court to grant summary judgment in favor of Rosboro.

## B. Habitat Modifications That Impede the Recovery of Endangered or Threatened Species

The district court ruled that a claim of prospective injury is actionable only if the challenged action threatened the protected species with extinction. The court concluded that habitat modifications that merely retard species recovery are not proscribed by the ESA.

Although our case law suggests a contrary view,[4] we need not decide this issue because FCC has proffered sufficient evidence to show that Rosboro's habitat modification

would actually injure the Swartz Creek owl pair by significantly impairing their essential behavioral patterns, including breeding, feeding, and sheltering. Habitat modifications that significantly impair a protected species' essential behavioral patterns are explicitly proscribed by the Secretary's redefinition of "harm," as discussed *supra*.

## CONCLUSION

For the foregoing reasons, we hold that FCC's suit to enjoin Rosboro's timber harvest is actionable under the ESA. To hold otherwise would frustrate rather than effectuate the clear intent of Congress.

REVERSED and REMANDED.

Eric **SCHROEDER**, Plaintiff–Appellee,

v.

Pete **McDONALD**, Branch Administrator; Susan Segawa, Social Worker; Ron Mico, Social Worker; George W. Sumner, DPS Director; Roland Leong, Prison Guard, Defendants–Appellants.

No. 93–15169.

United States Court of Appeals, Ninth Circuit.

March 27, 1995.

Before: POOLE, WIGGINS and THOMAS G. NELSON, Circuit Judges.

---

4. As we noted *supra*, in *Palila II*, 852 F.2d at 1108, we held that habitat destruction that could result in extinction was actionable under the ESA. However, in *Palila II*, we left open the question "whether harm includes habitat degradation that merely retards recovery" of a protected species. 852 F.2d at 1110. In *National Wildlife Federation v. Burlington Northern Railroad, Inc.*, 23 F.3d 1508, 1513 (9th Cir.1994), we held that the plaintiffs can establish "harm" if they

could "prove that the habitat degradation prevents, or possibly, *retards, recovery of the species.*" (Emphasis added.) We noted that the ESA does not require a threat of extinction before an injunction may issue because "[t]his would be contrary to the spirit of the statute, whose goal of preserving threatened and endangered species can also be achieved through incremental steps." *Id.* at 1512 n. 8.

The petition for rehearing is granted. The opinion filed at 41 F.3d 1272 (9th Cir.1994) is withdrawn.

Future appeals in this matter shall be assigned to this panel.

■

LEGALIZATION ASSISTANCE PROJECT OF the LOS ANGELES COUNTY FEDERATION OF LABOR (AFL–CIO); et al., Plaintiffs–Appellees,

v.

IMMIGRATION & NATURALIZATION SERVICE; et al., Defendants–Appellants.

Nos. 89–35345, 89–35593, 89–35613 and 89–35706.

United States Court of Appeals, Ninth Circuit.

March 31, 1995.

Before: FARRIS, PREGERSON, and FERGUSON, Circuit Judges.

**ORDER**

The mandate of the United States Supreme Court certified on December 6, 1993, in *Immigration and Naturalization Service, et al. v. Legalization Assistance Project of Los Angeles County Federation of Labor, et al.*, —— U.S. ——, 114 S.Ct. 594, 126 L.Ed.2d 560, vacated the decision of this court and remanded for further consideration in light of *Heller v. Doe*, —— U.S. ——, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993) and *Reno v. Catholic Social Services, Inc.*, —— U.S. ——, 113 S.Ct. 2485, 125 L.Ed.2d 38 (1993). We remand this matter to the district court for further consideration in light of *Heller v. Doe* and *Reno v. Catholic Social Services, Inc.*

■

UNITED STATES of America, Plaintiff–Appellee,

v.

Bobby Lee BRIDGES, Defendant–Appellant.

No. 93–3175.

United States Court of Appeals, Tenth Circuit.

March 17, 1994.

